COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


ALVAREZ E. GONZALEZ

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2275-98-1          JUDGE JOSEPH E. BAKER
                                         JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Marc Jacobson, Judge

          Ronald Batliner, Jr. (Mason & Batliner, P.C.,
          on brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Alvarez E. Gonzalez (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Norfolk (trial

court) for taking indecent liberties with an eleven-year-old

child.  The sole issue presented by this appeal is whether the

trial court erred when it took judicial notice that appellant had

testified under oath at his arraignment that his date of birth was

September 6, 1958.  At trial, when the trial court stated it was

taking judicial notice of that fact, appellant failed to preserve

that issue by stating an objection with specificity, as required

by Rule 5A:18.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attains the ends of justice."  Rule 5A:18 serves an important function during the conduct of a trial.  It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions.  The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals.  To hold otherwise would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error.  In order to avoid this result, we adhere to the policy of placing an affirmative duty on the parties to enter timely objections to rulings made during the trial.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

In our review of the record, we find no reason to apply the ends of justice principle to this case.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

-